No. 2661.

Estevan Romero *v.* The State.

Theft—Fact Case.—See the opinion in extenso for the substance of evidence *held* insufficient to support a conviction for horse theft.

Appeal from the District Court of Atascosa. Tied below before the Hon. D. P. Marr.

The conviction in this case was for the theft of a mare, the alleged property of John Birmingham. The penalty assessed against the appellant was a term of five years in the penitentiary. The evidence adduced upon the trial is summarized in the opinion of the court.

No brief for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

Hurt, Judge. This is a conviction for the theft of a certain horse, the alleged property of John Birmingham. It appears that Birmingham lost a sorrel colt, about eighteen months old, in the summer of 1883. When lost the colt was branded B con-

nected to top of a square. When found by Birmingham in the possession of Julian Perez, in September, 1886, it was branded R connected to right side of first described brand, under a semi circle.

Birmingham's testimony,—being upon the question as to whether the mare found in the possession of Perez was the colt lost by him in 1883,—is, in substance, as follows: "The colt was foaled mine. I only knew the animal, when I found it, by the brand. I could not swear to it, except by the brand. According to the best of my knowledge and belief it was my animal; but I could not swear positively to it, except by the brand. There was no flesh marks that I could swear to, except that it had a small neck, and its form. There were no special marks or flesh marks I could swear to. I knew it to be the same colt by its brand and by its small neck and form."

Birmingham's brand, so far as appears from the record, was not recorded. It is evident from his testimony, looking to all of his statements, that he did not know and would not swear to the animal found in the possession of Perez as his property, except from the appearance of the brand, together with the small neck and form. The brand, not being recorded, could furnish no proof of ownership whatever. It could not aid or strengthen proof arising from flesh marks, or from any other source. (Rev. Stats. art. 4561; Coffelt v. The State, 19 Texas Ct. App., 436; Myers v. The State, 21 Texas Ct. App., 448.)

The proof arising from flesh marks not being sufficient, when considered separate and apart from that arising from the brand, to establish ownership in Birmingham, most clearly there is a failure of proof upon this allegation.

The colt was taken, or strayed off in the summer of 1883; the mare,—supposed to be the same,—was found in defendant's possession, if shown to have been in his possession at all, in April, 1886, more than two and a half years elapsing between the two dates. Appellant's possession was not questioned; and if it had been we do not think it was sufficiently recent to call upon him for an explanation.

Because the proof of ownership is not sufficient, and because the proof of guilt is not sufficient, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*